United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael Van Cleve, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23611-Civ-Scola |
| Wilbur L. Ross, U.S. Secretary of Commerce, and others, Defendants. | ) ) ) |

**Order Denying Motion for Three Judge Panel and Order to Show Cause**

  This matter is before the Court upon the Plaintiff's motion for assembly of a three-judge panel pursuant to 28 U.S.C. § 2284. (ECF No. 39.) The Defendant has responded to the motion (ECF No. 43) and the Plaintiff has submitted a reply (ECF No. 44). Upon review of the motion, the record, and the relevant legal authorities, the Court **denies** the motion (**ECF No. 39**) and **orders the Plaintiff to show cause** as set forth below.

  28 U.S.C. § 2284 is a constitutionally important statute that applies to cases "challenging the constitutionality of the apportionment of congressional districts." *Id.* Given the importance of apportionment cases, that statute allows a party in such cases to request that the case be heard by a panel of three judges. However, this case involves no challenge to the constitutionality of the apportionment of congressional districts, which the Plaintiff does not dispute in his reply. Rather, the Plaintiff claims that he was authorized to file the motion because, in *Shapiro v. McManus*, the Supreme Court commented that "a party may—whether in good faith or bad, through ignorance or hope or malice—file a *request* for a three-judge court even if the case does not merit one under § 2284(a)." 136 S. Ct. 450 (2015) (emphasis in original). The Plaintiff's reading of that excerpt of *Shapiro* as if it were *endorsing* the filing of motions made in "good faith or bad, through ignorance or hope or malice" is as surprising as it is frivolous.

  While the Plaintiff's reply extols the importance of his case—challenging race data incorporated into the Census—the briefs simply do not show any case law or interpretation showing that the Plaintiff had grounds to seek a three judge panel under 28 U.S.C. § 2284. In an apparent concession of this defect, the Plaintiff's reply concludes that he "faithfully puts his trust in this court on this issue." (ECF No. 44 at 2.) The Plaintiff appears to ignore that his duty to ensure that every motion has valid grounds cannot be delegated to the Court. Consistent with his delegation of his own duty to this tribunal, the reply concludes that if

the Court (without any grounds) convenes a three judge panel, then "any error can be remedied by a single district judge certifying the panel's decision" at the end of the case. (*Id.* at 3.) The Court declines the invitation to commit legal error on the basis that it can be remedied by a colleague after the fact.

Finally, the Court hereby **Orders the Plaintiff to Show Cause** by **December 28, 2020** why the Plaintiff should not be sanctioned with an order to pay the Defendants' costs and fees incurred in responding to this motion. Rule 11 provides that attorneys, such as the Plaintiff, must make a reasonable inquiry into the facts and law of a case or face potential sanctions for their failure to do so. Fed. R. Civ. P. 11; *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Under Rule 11, a court must determine whether a party's claims are objectively frivolous in view of the facts or law and if the person who signed the pleadings would have been aware of that fact had they made a reasonable inquiry into the claims they have advanced. *Worldwide Primates*, 87 F.3d at 1254. A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law. *Id.* A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis. *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990).

This is not the first time that the Plaintiff has run afoul of the applicable rules in the short history of this case. For example, he moved "to compel a response [to the complaint] or compel an appearance from defendants" before several of them were even served. (ECF No. 17.) In denying that meritless motion, the Court reminded the Plaintiff "of his obligation to adhere to the applicable rules of procedure." (ECF No. 18.) The Court further stated that "[a]lthough plaintiff[] [is] proceeding pro se, [Van Cleve] is a licensed attorney; therefore, plaintiff[] will not receive the leniency customarily reserved for other pro se litigants." (*Id.* (citing *Smith v. Bank of Am. Home Loans*, Case No. 2:11-cv-676-FtM-29DNF, 4 n.1 (M.D. Fla. Jan. 15, 2014)).) Nevertheless, the Plaintiff proceeded to file the instant, baseless motion. Such motions drain scarce judicial resources, deprive the Court's attention from legitimate matters, and, in this case, harmed the Defendants by requiring them to waste resources on responding to the motion.

The Plaintiff's response to this Order to Show Cause shall not exceed four pages.

**Done and Ordered** in chambers, at Miami, Florida, on December 21, 2020.

                                                     _____
                                                     Robert N. Scola, Jr.
                                                     United States District Judge